## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Lisa Williams as Attorney-in-Fact for Warran Jenkins, | : : : | CIVIL ACTION NO.: 2:25-cv-6190 |
| Plaintiffs, | : : | |
| v. | : : | |
| CH Operating, LLC d/b/a Chestnut Hill Lodge Health and Rehabilitation Center, CH Operating Holdings, LLC, Premier Healthcare Management, LLC, Crestview 360 Holdings, LLC, Crestview 720 Trust, Wyndmor PA Realty, LLC, Jonathan Bleier, Vincent Rupert, NHA | : : : : : : : : | |
| Defendants. | : | |

## <u>PETITON FOR REMOVAL</u>

**To the Judges of the United States District Court for the Eastern District of Pennsylvania:**

Pursuant to 28 U.S.C. § 1441, Defendants, CH Operating, LLC d/b/a Chestnut Hill Lodge Health and Rehabilitation Center, CH Operating Holdings, LLC, Premier Healthcare Management, LLC, Crestview 360 Holdings, LLC, Crestview 720 Trust, Wyndmor PA Realty, LLC, Jonathan Bleier, Vincent Rupert, NHA[1] ("Moving Defendants") hereby notice the removal of the above-indicated state court action ("State Action"), filed in the Court of Common Pleas of Philadelphia County, to the United States District Court for the Eastern District of Pennsylvania. In support thereof, Moving Defendants aver as follows:

---

[1] Moving Defendants intend to file an Affidavit of Non-Involvement as to Premier Healthcare Management, LLC.

## I.    RELEVANT PROCEDURAL FACTS

1.      On September 19, 2025, Lisa Williams ("Plaintiff"), initiated a medical professional liability action as Attorney-in-Fact for Warren Jenkins against Defendants, CH Operating, LLC d/b/a Chestnut Hill Lodge Health and Rehabilitation Center, CH Operating Holdings, LLC, Premier Healthcare Management, LLC, Crestview 360 Holdings, LLC, Crestview 720 Trust, Wyndmor PA Realty, LLC, Jonathan Bleier, Vincent Rupert, NHA, via the filing of a Complaint. *See,* Complaint attached hereto as Exhibit A.

2.      At the time of filing, Moving Defendants were unrepresented.

3.      According to the Philadelphia online docket, Plaintiff's Complaint was provided to Premier Healthcare Management, LLC and Jonathan Bleier by certified mail on September 26, 2025, with the Affidavit of Service being filed on September 29, 2025. *See,* Excerpt from Online Docket, below.

| 29-SEP-2025 09:01 AM | AFFIDAVIT OF SERVICE FILED | | SOLARZ, JORDAN M | |
|---|---|---|---|---|
| **Documents:** | ⚐ Click link(s) to preview/purchase the documents <br> Jenkins - Affidavit of Service - Bleier and Premier Healthcare.pdf <br> Ex A - Jonathan Bleier.pdf <br> Ex B - Premier Healthcare Management, LLC.pdf | | | 🛒 **Click HERE to purchase all documents** related to this one docket entry |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON PREMIER HEALTHCARE MANAGEMENT LLC AND JONATHAN BLEIER BY CERTIFIED MAIL ON 09/26/2025 FILED. (FILED ON BEHALF OF WARREN JENKINS AND LISA WILLIAMS) | | | |

4.      Plaintiff's Complaint was provided to Defendants, Vincent Rupert, CH Operating, LLC, and CH Operating Holdings, LLC, on September 30, 2025, with the Affidavit of Service being filed on October 6, 2025. *See,* Excerpts from Online Docket, below.

| 06-OCT-2025 04:40 PM | SHERIFF'S SERVICE | | SOLARZ, JORDAN M | |
|---|---|---|---|---|
| **Documents:** | ⚐ Click link(s) to preview/purchase the documents <br> Jenkins - Sheriff ROS - CH Operating LLC.pdf <br> Jenkins - Sheriff ROS - Vincent Rupert.pdf | | | 🛒 **Click HERE to purchase all documents** related to this one docket entry |
| **Docket Entry:** | DEPUTIZED SERVICE OF PLAINTIFF'S COMPLAINT UPON VINCENT RUPERT AND CH OPERATING LLC BY SHERIFF OF PHILADELPHIA COUNTY ON 09/30/2025. (FILED ON BEHALF OF WARREN JENKINS AND LISA WILLIAMS) | | | |

| 06-OCT-2025 04:42 PM | SHERIFF'S SERVICE | SOLARZ, JORDAN M | |
|---|---|---|---|
| **Documents:** | ⚲ Click link(s) to preview/purchase the documents<br>Jenkins - Sheriff ROS - CH Operating Holdings and Wyndmor Realty.pdf | 🛒 **Click HERE to purchase all documents**<br>related to this one docket entry | |
| **Docket Entry:** | DEPUTIZED SERVICE OF PLAINTIFF'S COMPLAINT UPON CH OPERATING HOLDINGS LLC BY SHERIFF OF DAUPHIN COUNTY ON 09/30/2025. (FILED ON BEHALF OF WARREN JENKINS AND LISA WILLIAMS) | | |

5.    Plaintiff's Complaint was provided to Defendant, Wyndmoor PA Realty, LLC, on October 2, 2025, with the Affidavit of Service being filed on October 6, 2025. *See,* Excerpt from Online Docket, below.

| 06-OCT-2025 04:43 PM | SHERIFF'S SERVICE | SOLARZ, JORDAN M | |
|---|---|---|---|
| **Documents:** | ⚲ Click link(s) to preview/purchase the documents<br>Jenkins - Sheriff ROS - CH Operating Holdings and Wyndmor Realty.pdf | 🛒 **Click HERE to purchase all documents**<br>related to this one docket entry | |
| **Docket Entry:** | DEPUTIZED SERVICE OF PLAINTIFF'S COMPLAINT UPON WYNDMOR PA REALTY LLC BY SHERIFF OF DAUPHIN COUNTY ON 10/02/2025. (FILED ON BEHALF OF WARREN JENKINS AND LISA WILLIAMS) | | |

6.    Finally, Plaintiff's Complaint was provided to Defendants, Crestview 720 Trust and Crestview 360 Holdings, LLC, via certified mail on October 15, 2025, with the Affidavit of Service being filed on October 16, 2025. *See,* Excerpt from Online Docket, below.

| 16-OCT-2025 10:00 AM | AFFIDAVIT OF SERVICE FILED | SOLARZ, JORDAN M | |
|---|---|---|---|
| **Documents:** | ⚲ Click link(s) to preview/purchase the documents<br>Jenkins - Affidavit of Service - Crestview 360 Holdings and Crestview 720 Trust.pdf<br>Ex A - Crestview 360 Holdings LLC.pdf<br>Ex B - Crestview 720 Trust.pdf | 🛒 **Click HERE to purchase all documents**<br>related to this one docket entry | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON CRESTVIEW 720 TRUST AND CRESTVIEW 360 HOLDINGS LLC BY CERTIFIED MAIL ON 10/15/2025 FILED. (FILED ON BEHALF OF WARREN JENKINS AND LISA WILLIAMS) | | |

7.    Entries of appearance for Counsel on behalf of Moving Defendants were filed contemporaneously with this instant Petition to Remove.

8.    In the instant Complaint, Plaintiff sets forth two (2) claims against Moving Defendant: Count I: Negligence[2]; and Count II: Vicarious Liability. *See,* Exhibit A.

---

[2] Plaintiffs' claim as to Negligence (Count I) purports to encompass "all negligence-based causes of action,

9.     Per Plaintiff's Complaint, Mr. Jenkins was admitted to Moving Defendants' facility in or around January of 2024 in connection with a decreasing ability to care for himself. *See, Exhibit A at* ¶ 33.

10.     Plaintiff asserts claims arising under federal law in her Complaint.  *See Id.*

11.     Specifically, Plaintiff claims Moving Defendants failed to comply with federal regulations pursuant to 42 C.F.R. Part 483, regarding the Requirements for State and Longterm Care Facilities. *See,* Exhibit A at ¶ 140; *see also,* Excerpt from Complaint, below.

> 140.    Defendants failed to maintain compliance with the governmental regulations, including 42 C.F.R. § 483.101 *et seq.* and Title 28 Pa.Code § 201.1 *et seq.*, to which Defendants are required to adhere and to which their delivery of care is compared during Federal and Pennsylvania Department of Health Annual and Complaint-based surveys, including 42 C.F.R. §§ 483.5, 483.21(a) & (b), 483.25(b) & (c), 483.10(a) & (e) & (c) & (g), 483.10(c)(2)(iv), 483.10(i), 483.12, 483.15(g)(14), 483.20, 483.20(b)(2)(ii), 483.24, 483.25, 483.25(I), 483.60, 483.30, 483.35, 483.70; 483.70(e); 483.70(i); 483.10(f) & (h); 483.25(e), 483.25(b) & (c), 483.40; 483.45(b) & (c) & (e) & (d); 483.45(f), 483.80, and, 28 Pa.Code §§ 201.29, 211.5(f); 211.10, § 211.11, 201.29(j) & (i), 211.10, 205.1, 211.8; 201.29(c), 51.3, 201.14(c), 211.2, 211.5, 211.6, 211.2(a), 211.10(a), 211.2, 211.12, 211.5, 211.7, 201.18; 201.20, 211.10(d), 22.1.6, 211.10(a).[3]

12.     No proceedings have been held in the State Action since it was instituted by Plaintiff.

13.     The United States District Court for the Eastern District of Pennsylvania is the proper forum for removal from the Philadelphia Court of Common Pleas.

## II.    <u>JURISDICTION AND BASIS FOR REMOVAL</u>

14.     This Court has original subject matter jurisdiction over this action pursuant to 28

---

including corporate negligence, professional negligence, and ordinary/custodial negligence."

U.S.C. § 1331 because it involves allegations of negligence arising under federal law.

15.    A matter shall be removed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

16.    "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal." 28 U.S.C. § 1446(B).

17.    "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(C).

18.    In the operative Complaint for the State Action, Plaintiff asserts negligence regarding the federal requirements of long-term care facilities. *See,* Exhibit A at ¶ 140; *see also,* Excerpt, above.

19.    Specifically, the federal regulations cited by Plaintiff involve the Requirements for Long Term Care Facilities falling under federal law (§ 483.1 to § 483.95), pursuant to the Code of Federal Regulations, Title 42, Public Health. *See,* Id; *see also,* 42 C.F.R. Ch, IV, Subch. G, Pt. 483 (§§ 481.1 – 483.95).

20.    Pursuant to 28 U.S.C. § 1331, the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

21.    Moreover, service of Plaintiff's Complaint was not perfected as to all Defendants until October 15, 2025.

22.    All earlier-served Defendants consent to the removal of this matter to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1446(C).

23.     As such, the State Action is removable from the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1331 and 1446.

## III.    **CONCLUSION**

24.     Through this petition, Defendants, CH Operating, LLC d/b/a Chestnut Hill Lodge Health and Rehabilitation Center, CH Operating Holdings, LLC, Premier Healthcare Management, LLC, Crestview 360 Holdings, LLC, Crestview 720 Trust, Wyndmor PA Realty, LLC, Jonathan Bleier, and Vincent Rupert consent to and requests removal to federal court.

25.     In accordance with 28 U.S.C. § 1446(d), copies of this Notice of Removal shall be contemporaneously served upon Plaintiff and filed with the Clerk of the Court of Common Pleas of Philadelphia County.

**WHEREFORE**, Defendants respectfully request this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By:   *Michelle D. Kaminski*
        Melissa J. Brown, Esquire
        Attorney for Defendants,
        *CH Operating, LLC d/b/a Chestnut Hill Lodge*
        *Health and Rehabilitation Center, CH Operating*
        *Holdings, LLC, Premier Healthcare Management,*
        *LLC, Crestview 360 Holdings, LLC, Crestview 720*
        *Trust, Wyndmor PA Realty, LLC, Jonathan Bleier,*
        *Vincent Rupert*

Date: October 30, 2025